## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

EMG TRANSFER AGENT, LLC                                CIVIL ACTION

VERSUS                                                                                25-583-SDD-SDJ

ACADIAN PLACE 2022 HOLBOX LLC

## RULING

This matter is before the Court on the Motion to Dismiss for Lack of Subject Matter Jurisdiction brought by Defendant, Acadian Place 2022 Holbox LLC ("Defendant").[1] Plaintiff, EMG Transfer Agent, LLC ("Plaintiff"), filed an Opposition,[2] and later filed a Supplemental Opposition[3] as directed by the Court. For the reasons that follow, the Motion will be granted.

### I.     BACKGROUND

Plaintiff initiated this breach of contract action seeking to invoke the Court's diversity subject matter jurisdiction under 28 U.S.C. § 1332.[4] Plaintiff and Defendant are both limited liability companies. Plaintiff alleges that both its and Defendant's members are all citizens of various states and that complete diversity exists between the parties.[5]

Defendant argues the Court lacks subject matter jurisdiction because one of its members, Yisroel Gross, is domiciled in Israel.[6] Plaintiff alleges in its Complaint and argues in opposition to Defendant's Motion that Gross is domiciled in New Jersey.[7]

---

[1] Rec. Doc. 10.
[2] Rec. Doc. 26.
[3] Rec. Doc. 34.
[4] Rec. Doc. 1.
[5] *Id.* at ¶¶ 4–9.
[6] Rec. Doc. 10-2.
[7] Rec. Docs. 26, 34.

## II.  LAW AND ANALYSIS

### A. Subject Matter Jurisdiction under 28 U.S.C. § 1332

The party seeking to invoke diversity jurisdiction bears the burden of proving that complete diversity exists.[8] In the words of the Fifth Circuit, "[t]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."[9] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."[10]

§ 1332 gives federal district courts original jurisdiction over actions between "citizens of different states" where the amount in controversy exceeds $75,000.[11] The statute requires complete diversity, meaning that all plaintiffs must have a different citizenship from all defendants.[12] Complete diversity "must exist at the time the action is commenced."[13] For a limited liability company, § 1332 citizenship is determined by the citizenship of "all of its members."[14]

For purposes of § 1332, a person is a citizen of a particular state if he is (1) a citizen of the United States and (2) a domiciliary of that state.[15] "Domicile" has been

---

[8] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).
[9] *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984); 1 J. Moore, Moore's Federal Practice § 0.71[5.–1] (1996)).
[10] *Id.* at 249 (citing *Jones v. Landry*, 387 F.2d 102 (5th Cir. 1967); 1 J. Moore, Moore's Federal Practice § 0.74[1] (1996)).
[11] 28 U.S.C. § 1332(a)(1).
[12] *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).
[13] *Coury*, 85 F.3d at 248 (citing *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 830 (1989)).
[14] *SXSW, L.L.C. v. Federal Insurance Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)).
[15] *Coury*, 85 F.3d at 248.

defined by the Supreme Court as "residence at a particular place accompanied with positive or presumptive proof of an intention to remain there for an unlimited time."[16] In determining a person's domicile, "[t]he court should look to all evidence which sheds light on the litigant's intention to establish domicile, including a variety of factors such as the places where the party exercises civil and political rights, pays taxes, owns real and personal property, holds driver's and other licenses, has bank accounts, places of business or employment, belongs to churches and other organizations, and maintains a home for his family. No single factor is determinative."[17]

As the Fifth Circuit has noted, "it has been held consistently that a diversity suit may not be maintained under 28 U.S.C. § 1332(a)(1) by or against a United States citizen who is domiciled in a foreign country[.]"[18] This is because "[a] U.S. citizen who is domiciled abroad—that is, physically present in a foreign country with the intent to remain indefinitely—is not a citizen of a U.S. 'State.'"[19] Thus, "[a] U.S. citizen domiciled abroad is [ ] considered 'stateless for the purposes of diversity jurisdiction,'" and the addition of a stateless party destroys diversity jurisdiction.[20]

Defendant argues the Court lacks § 1332 jurisdiction because one of its members, Gross, is a United States citizen but is domiciled in Israel.[21] In support, Defendant submits a declaration by Gross asserting facts relevant to domicile, including the following:

- Gross is a United States citizen.

---

[16] *Mitchell v. United States*, 88 U.S. 350, 352 (1874).
[17] *Nalls v. Smith*, No. CIV.A. 13-539-SDD, 2013 WL 6530840, at *2 (M.D. La. Dec. 12, 2013) (citing *Coury*, 85 F.3d at 251; *Computer People, Inc. v. Computer Dimensions International, Inc.,* 638 F.Supp. 1293, 1295 (M.D.La.1986)).
[18] *Coury*, 85 F.3d at 249–250.
[19] *Breaux v. Greenwich Ins. Co.*, No. CV 24-2559, 2025 WL 2753581, at *3 (E.D. La. Sept. 29, 2025) (citing *Newman-Green, Inc.*, 490 U.S. at 828).
[20] *Id.* (quoting *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, 796 F.3d 520, 523 n.1 (5th Cir. 2015)).
[21] Rec. Doc. 10-2.

- Gross moved to Jerusalem, Israel, "approximately three years ago" (note: the declaration was executed in August of 2025) and has established domicile there.

- Gross's wife is a citizen of Israel, and they were married in Israel pursuant to a marriage license issued in Israel.

- Gross's business office is located in Israel.

- Gross purchased a home in Israel approximately eight months ago and lived in a rented apartment in Israel beforehand.

- Gross's bank account is in Israel.

- Gross has been an active member of a synagogue in Israel for approximately one year.

- Gross has been an active member of a learning institute for advanced Jewish studies in Israel for the past three years.

- Gross's wife has full employment in Israel.

- Gross owns an apartment in New Jersey that he rents out for additional income, but he does not reside in the United States. He only returns to the United States infrequently for short periods of time to attend weddings and other functions.

- Gross intends to remain in Israel indefinitely.[22]

Plaintiff argues that Gross is domiciled in New Jersey. First, Plaintiff points out that in the "Guaranty of Resource Carve-Outs" executed by the parties and attached to the Complaint, Gross listed his address as "124 11th Street Lakewood, NJ 08701."[23] Plaintiff

---

[22] Rec. Doc. 10-1.
[23] Rec. Doc. 1-8, p. 8.

further argues that "the evidence provided by [Defendant] [is] not sufficient to establish that" Gross is domiciled in Israel, primarily because the documents produced by Defendant in discovery are not current.[24] Specifically, Plaintiff claims that Gross's Israel apartment lease, Israel utility invoices, and Israel bank account information produced by Defendant are all from 2024.[25] Plaintiff also points to Gross's Student VISA issued by the State of Israel, set to expire in January of 2028, which states: "NOT PERMITTED TO WORK."[26] Plaintiff argues this contradicts the claim in Gross's declaration that Gross has a "business office" in Israel.[27] Finally, Plaintiff relies on Gross's tax returns from 2023 and 2024, where Gross's home address is listed as 124 11th Street, Lakewood, NJ 08701.[28]

As the party seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of proving that Gross is a New Jersey citizen. The Court finds that Plaintiff has not met that burden. Plaintiff's reliance on Gross's New Jersey address listed in the Guaranty of Resource Carve-Outs is not persuasive because that document was executed in 2022, which is around the time that Gross claims he moved to Israel. The Court recognizes Plaintiff's argument that the apartment lease, utility invoices, and bank documents connecting Gross to Israel are from 2024 and earlier. However, this alone is insufficient to affirmatively prove that Gross is domiciled in New Jersey as Plaintiff claims, which Plaintiff has the burden to do at this stage. Further, Plaintiff itself attempts to rely on Gross's tax returns from 2023 and 2024, which do not prove Gross's domicile as of the time suit was filed (July of 2025). Plaintiff also notes that Defendant failed to provide proof

---

[24] Rec. Doc. 26, p. 2.
[25] *Id.* at pp. 4–5 (citing Rec. Docs. 26-4, 26-5, 26-6, & 26-7).
[26] Rec. Doc. 29-1 (filed under seal).
[27] Rec. Doc. 26, p. 4.
[28] Rec. Doc. 34-3.

of purchase for the home that Gross claims to have purchased in Israel, but again, Plaintiff is the party who bears the burden of proof on this issue. The absence of proof of purchase for a home in Israel does not show that Gross is domiciled in New Jersey.

"[W]hen the alleged basis for jurisdiction is diversity of citizenship, the district court must be certain that the parties are in fact diverse before proceeding to the merits of the case."[29] On the current record, the Court is not convinced that Gross is a domiciliary of New Jersey as Plaintiff alleges. Therefore, Defendant's Motion will be granted.

## III.   CONCLUSION

For the foregoing reasons, the Motion to Dismiss for Lack of Subject Matter Jurisdiction[30] filed by Defendant is GRANTED. This matter is hereby dismissed without prejudice. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this  9th  day of ____March____, 2026.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[29] *Getty Oil*, 841 F.2d at 1258 (citing *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548–49 (5th Cir. 1981)).
[30] Rec. Doc. 10.